In re AMERICAN EXPORT GROUP
INTERNATIONAL SERVICES,
INC., Debtor.

Nelson J. KLINE, Trustee of the Chapter 7
Estate of American Export Group Inter-
national Services, Inc., Plaintiff,

v.

ED. ZUEBLIN, AG, and Zublin
Delaware, Inc., Defendants.

Bankruptcy No. 87–369.
Adv. No. 88–0040.

United States Bankruptcy Court,
District of Columbia.

Jan. 10, 1994.

Nelson J. Kline, Washington, DC, for plaintiff.

Brian Seeber, Richard Gins, Gins & Seeber, P.C., Washington, DC, for debtor.

Ernest M. Stern, Graham & James, Washington, DC, for defendants.

*DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION [AND FOR LACK OF PROPER SERVICE]*

S. MARTIN TEEL, Jr., Bankruptcy Judge.

This court addresses the motion by the defendant, Ed. Zueblin, AG ("Zueblin"), to dismiss the plaintiff's complaint filed in the above captioned adversary proceeding for lack of personal jurisdiction and for lack of proper service. For the reasons below, the motion will be denied as to the alleged lack of personal jurisdiction and granted as to the lack of proper service, with leave to make proper service.

*FACTS*

On March 3, 1986, the plaintiff, American Export Group International Services, Inc. ("AEGIS" or "debtor"), Zueblin and Zublin Delaware, Inc. ("Zublin Delaware") executed a pre-bid agreement based on a Request for Proposal issued by the U.S. Army Corp of Engineers, European Division ("USAEDE"). The subject of the requested proposal was the Vilseck/Bamberg project which involved the construction of family housing in Germany. AEGIS and Zueblin had previously worked as joint venture partners on a contract known as the Frankfurt project. On March 21, 1986, AEGIS, Zueblin and Zublin Delaware submitted a joint venture proposal for the Vilseck/Bamberg project. However, two months later, on May 16, 1986, Zueblin submitted a "best and final offer" without AEGIS' participation.

The U.S. Army awarded the Vilseck/Bamberg project to Zueblin on November 4, 1986. AEGIS subsequently filed a protest of the award with the General Accounting Office ("GAO") on January 1, 1987. Before the GAO issued its decision (during the preference period of 11 U.S.C. Section 547 and while debtor was insolvent), the parties executed a settlement agreement on March 27, 1987. The terms were as follows: (a) AEGIS would withdraw its bid protest; and (b) Zueblin would pay AEGIS $350,000 after receipt of its first payment from USAEDE for the Vilseck/Bamberg project.

On April 30, 1987, AEGIS filed a Chapter 11 petition for relief under the Bankruptcy Code. On November 16, 1987, Zueblin filed a proof of claim for an unliquidated amount of approximately $6,000,000 for monies the debtor allegedly owed defendant with respect to the Frankfurt project. When Zueblin later received its first remuneration for the Vilseck/Bamberg project, Zueblin notified AEGIS, in a letter dated November 5, 1987, of its intent to offset the payment of $350,000 against the debt of AEGIS from the Frankfurt project.

AEGIS, acting as a debtor-in-possession, filed a complaint against Zueblin alleging violation of the automatic stay, improper preference, invalid setoff, and breach of contract. Zueblin filed a "Motion to Dismiss

AEGIS' Complaint for Lack of Personal Jurisdiction." Although the motion principally addresses the lack of personal jurisdiction, it also raises lack of proper service as a defense. On July 14, 1993, the debtor's chapter 11 case was converted to a case under chapter 7. Nelson J. Kline is the trustee in the chapter 7 case and has been substituted as the plaintiff.

### DISCUSSION

Zueblin, who has filed a proof of claim in the above captioned bankruptcy case, contends that this court lacks personal jurisdiction. In response, the plaintiff argues that this court can exercise personal jurisdiction over the defendant on three different bases: (1) that by filing a proof of claim, Zueblin has consented to jurisdiction; (2) Zueblin has minimum contacts and thus the exercise of jurisdiction does not offend notions of due process; and (3) the Zueblin can be said to be "found" in the United States through the presence of Zublin Delaware, its subsidiary. For the reasons discussed below, this court finds that by filing a proof of claim, Zueblin has waived the ability to assert that this court does not have personal jurisdiction over the debtor's action. Therefore, the court need only address the plaintiff's first basis for jurisdiction. However, the court concludes that proper service has not been made.

### A. Personal Jurisdiction over Zueblin

■ The proof of claim filed by Zueblin is analogous to a complaint filed in the District Court. *In re Continental Airlines*, 928 F.2d 127, 129 & n. 1 (5th Cir.1991) (filing of proof of claim is tantamount to filing of a complaint in a civil action) (citing *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985)); *In re Kenny*, 75 B.R. 515, 520 (Bankr.E.D.Mich.1987) (same); *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir.1962). *See In re Ira Haupt & Co.*, 253 F.Supp. 97, 98 (S.D.N.Y.1966) (filing of a proof of claim ef-

fectively commences a proceeding within the bankruptcy proceeding) (citing *In re American Anthracite & Bituminous Coal Corp.*, 22 F.R.D. 504, 507 (S.D.N.Y.1958)). Significantly, Congress evidenced an intent that a proof of claim should be treated as a complaint by referring to actions brought by the estate against a person filing a proof of claim as "counterclaims." 28 U.S.C. § 157(c).[1] Accordingly, Zueblin's proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint. *In re Ferris*, 764 F.2d 1475, 1477 (11th Cir.1985) (debtor's complaint against party who filed proof of claim was in the nature of a counterclaim); *In re Answerfone*, 67 B.R. 167, 168 (Bankr.E.D.Ark.1986) (same); *Kenny*, 75 B.R. at 520; *In re Marketing Resources Int'l Corp.*, 43 B.R. 71 (Bankr.E.D.Pa.1984) (debtor's complaint for tortious interference against party filing a proof of claim constitutes a counterclaim).

■ A party who files a complaint is viewed as having submitted to personal jurisdiction in that forum. *Adam v. Saenger*, 303 U.S. 59, 67–68, 58 S.Ct. 454, 458–59, 82 L.Ed. 649 (1938); *Estrada v. Ahrens*, 296 F.2d 690, 694 (5th Cir.1961) (alien's act of bringing suit automatically establishes consent to personal jurisdiction); *Rubsam v. Harley C. Loney Co.*, 86 F.Supp. 350, 351 (E.D.Mich.1949) (plaintiff adopted jurisdiction of the court in the commencement of original action); *Beckwith v. Beckwith*, 355 A.2d 537 (D.C.1976) (availing oneself of the jurisdiction of a court by filing a voluntary claim subjects the claimant to personal jurisdiction). *See General Contracting & Trading v. Interpole, Inc.*, 940 F.2d 20, 23 (1st Cir.1991) (defendant submitted to personal jurisdiction in first suit when it filed a separate suit in the same court against the same party arising out of the same transaction)[2].

■ As the Supreme Court stated in *Saenger*:

---

1. Section 157(b)(2)(C) provides in pertinent part that core proceedings include, "counterclaims by the estate against persons filing claims against the estate."

2. Unlike this case, *Interpole* focuses on whether a defendant has submitted to jurisdiction by filing a different suit in the same court. The case at bar addresses whether a plaintiff (the claimant) submits to personal jurisdiction over counterclaims asserted by the defendant (the debtor).

The plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence. It is the price which the state may exact as the condition of opening its courts to the plaintiff.

303 U.S. at 67–68, 58 S.Ct. at 458. Thus, upon filing suit in the District Court, the plaintiff subjects himself to personal jurisdiction for all possible grounds of counterclaim. *Threlkeld v. Tucker,* 496 F.2d 1101, 1103 (9th Cir.1974) (by instituting an action, plaintiff submitted himself to court's jurisdiction not only as to his own cause of action but also as to any counterclaim filed against him); *Dewey & Almy Chem. Co. v. Johnson Drake & Piper, Inc.,* 25 F.Supp. 1021, 1022 (E.D.N.Y. 1939) (plaintiff by coming voluntarily into court subjects itself to jurisdiction over all possible grounds of counterclaim) (citing *Leman v. Krentler–Arnold Hinge Last Co.,* 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389 (1932)). *See also General Electric Co. v. Marvel Rare Metals Co.,* 287 U.S. 430, 435, 53 S.Ct. 202, 204, 77 L.Ed. 408 (1932) ("The setting up of a counterclaim against one already in court of his own choosing is very different, in respect to venue, from hailing him into that court"). Likewise, in a bankruptcy proceeding, a party who files a proof of claim subjects himself to the personal jurisdiction of the bankruptcy court with respect to all possible counterclaims by the estate. *In re Neese,* 12 B.R. 968, 971 (Bankr.W.D.Va.1981) (defendants in adversary proceeding brought by trustee voluntarily availed themselves of the jurisdiction of the bankruptcy court when they filed proof of claim in the bankruptcy case). *See Gardner v. New Jersey,* 329 U.S. 565, 573, 67 S.Ct. 467, 471–72, 91 L.Ed. 504 (1947) ("[H]e who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide by the consequences of that procedure") (citing *Wiswall v. Campbell,* 93 U.S. 347, 351, 23 L.Ed. 923 (1876) (a creditor who offers a proof of claim subjects

himself to dominion of the bankruptcy court)).

Finding that a party who chooses to file a proof of claim has submitted to personal jurisdiction in the bankruptcy court seems a small price to exact for allowing the claimant to purposefully avail itself of the benefits of the bankruptcy forum and to share in the estate's distribution. As the court noted in *Neese,* "Having filed their proofs of claims in the underlying bankruptcy case, the defendants cannot now deny this Court's personal jurisdiction over them in a proceeding directly related to that case." 12 B.R. at 971. *See Interpole,* 940 F.2d at 24 (it would be unjust to allow a party to enjoy benefits of the court *qua* plaintiff while nonetheless retaining immunity from the court's authority *qua* defendant with respect to claims asserted by the very party it was suing).

Although both parties have fashioned arguments relying upon *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and its progeny, those cases are irrelevant to the issue before this court. *Katchen* addressed the issue in a case under the Bankruptcy Act of whether a preference action by the trustee was within the district court's summary bankruptcy jurisdiction and hence triable without a jury or whether instead the action was a plenary suit that had to be tried with a jury. While the Bankruptcy Code no longer distinguishes between summary and plenary jurisdiction,[3] the bankruptcy courts' authority to decide certain matters is limited according to whether a proceeding is core or non-core such that the restraints imposed by Article III of the Constitution are not offended. 28 U.S.C. § 157. However, whether this court has the constitutional ability to decide a claim is distinct from and irrelevant to a determination of personal jurisdiction over Zueblin. The personal jurisdiction issue would be decided the same had the district court withdrawn the reference under 28 U.S.C. § 157 thereby eliminating any issue of whether this is a core or non-core proceeding.

---

**3.** For an extensive discussion of bankruptcy court jurisdiction *see In re Cemetery Development,* 59 B.R. 115 (Bankr.M.D.La.1986).

Likewise, the Supreme Court's holdings in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and in *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), are irrelevant to the issue of personal jurisdiction. These cases addressed a defendant's Seventh Amendment right to a jury trial in actions brought by the trustee in the bankruptcy court. *Granfinanciera*, 492 U.S. at 57–60, 109 S.Ct. at 2798–2800 (person who has not submitted claim has a right to jury trial in fraudulent conveyance suit by trustee); *Langenkamp*, 498 U.S. at 45, 111 S.Ct. at 331 (creditors who file claim are not entitled to jury trial under Seventh Amendment when sued by trustee to recover allegedly preferential transfers). The focus in both cases on whether the claims against the defendants were equitable claims instead of claims at law was necessary to determine whether there was a right to a jury trial. Such a determination is irrelevant to Zueblin's motion to dismiss as personal jurisdiction is unaffected by the equitable or legal character of the plaintiff's claims.

■ In the federal court system, actions at law and equity are merged into one. Therefore, upon filing a complaint (proof of claim), the party subjects himself to all counterclaims whether equitable or legal in nature. Under 28 U.S.C. § 1334, the district court's jurisdiction in a bankruptcy case encompasses counterclaims, asserted to proofs of claims, of either an equitable or a legal character.

■ Accordingly, this court finds that it has personal jurisdiction over Zueblin with respect to the complaint filed in this adversary proceeding.[4]

### B. *Service Was Insufficient*

The plaintiff has failed to establish that the summons and complaint were properly served. However, it is apparent to the court that service could be readily accomplished. Fed.R.Bankr.P. 7004 makes applicable to adversary proceedings certain sections of Fed.

R.Civ.P. 4. Pertinent to this case is Fed. R.Civ.P. 4(i), which states in part:

(i). **Alternative Provisions for Service in a Foreign Country.**

(1) *Manner.* When the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon a party in a foreign country, it is also sufficient if service of the summons and complaint is made: ... (D) by any form of mail, requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or (E) as directed by order of the court.

Fed.R.Civ.P. 4(e) authorizes service upon a party not an inhabitant of the state "[w]henever a statute or rule of the court of the state in which the district court is held provides for (1) service of a summons ... upon a party not an inhabitant of or found within the state ..."

■ In the instant case, the applicable state law is the D.C. long-arm statute, D.C.Code Ann. § 13–423. It has consistently been held that this statute permits the exercise of personal jurisdiction to the fullest extent permissible under the due process clause. *Mouzavires v. Baxter*, 434 A.2d 988 (D.C.App.1981); *Berwyn Fuel, Inc. v. Hogan*, 399 A.2d 79, 80 (D.C.App.1979); *Cohane v. Arpeja–California, Inc.*, 385 A.2d 153, 158 (D.C.App.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). As a result, the due process and long-arm standards merge so that the court need only engage in a single inquiry. *In re R.M.R. Corp.*, 133 B.R. 759, 762 (Bankr.D.Md.1991); *In re Buttes Gas & Oil Co.*, 121 B.R. 212, 215 (Bankr.S.D.Tex.1990).

■ Due process requires that a court seeking to exercise personal jurisdiction over a non-resident defendant find that the defendant has purposefully established minimum contacts with the forum state such that the assertion of jurisdiction will not offend tradi-

---

4. Because this court finds that Zueblin submitted itself to this court's jurisdiction by filing a proof of claim, conventional long arm analysis and examination of minimum contacts are irrelevant. *Interpole*, 940 F.2d at 22 and cases cited therein.

tional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). As discussed in more detail above, by filing a proof of claim, Zueblin has purposefully availed itself of the benefits of this forum and thus is deemed to have submitted to personal jurisdiction. This consent to personal jurisdiction constitutes the minimum contacts due process requires.

However, plaintiff did not serve the summons and complaint as specified in Fed.R.Civ.P. 4(i) and thus service was insufficient. Therefore, before this court can exercise jurisdiction over Zueblin in this adversary proceeding, the plaintiff must effect service in a manner provided in Fed.R.Civ.P. 4(i).

## *CONCLUSION*

Upon filing a proof of claim, Zueblin submitted itself to the jurisdiction of this court and cannot now assert lack of personal jurisdiction. A party who purposefully avails itself of the jurisdiction of this court submits itself to jurisdiction over any action brought by the estate that is related to the bankruptcy case. Accordingly, once service of the summons and complaint is effected, this court will have personal jurisdiction over Zueblin and it is

ORDERED that Zueblin's motion to dismiss is granted without prejudice to the plaintiff's effecting service, within 60 days after entry of this order, in a manner provided in Fed.R.Civ.P. 4(i) or pursuant to any other applicable rule. It is further

ORDERED that the clerk shall issue a new summons and shall resubmit this file to the court 60 days after entry of this order.