361 So.2d 760 (1978)
CITIZENS STATE BANK, a Wisconsin Corporation, and Ray John Mayer, Appellants,
v.
WINTERS GOVERNMENT SECURITIES CORPORATION, a Florida Corporation, Appellee.
Nos. 77-1088, 77-1814.
District Court of Appeal of Florida, Fourth District.
June 28, 1978.
Rehearings Denied September 7, 1978.
*761 Theodore P. Mavrick, Fort Lauderdale, for appellants.
Norman E. Marcus of Law Offices of Gerald Beyer, Fort Lauderdale, for appellee.
*762 DOWNEY, Judge.
These are consolidated interlocutory appeals from two Orders denying appellants' motions to dismiss for lack of jurisdiction over the defendant and insufficiency of process and service of process.
Originally, appellee sued appellants for damages for breach of a contract. Appellant corporation is a Wisconsin bank and appellant Mayer is the President thereof. Appellee is a Florida corporation engaged as a dealer in government securities. Appellee's complaint alleged that appellant and appellee engaged in a series of fourteen business transactions commencing on August 25, 1976, and concluding in January 1977, wherein appellee bought securities from and sold securities to appellant. The sales were handled by appellee with appellant Mayer as President of appellant Bank; all transactions were initially handled by telephone and then were usually confirmed in writing. The final two transactions giving rise to this litigation are alleged to have taken place on January 4 and 6, 1977. However, the written confirmations of those two transactions were returned to appellee unsigned on February 3, 1977.
Service of process was made pursuant to Section 48.193, Florida Statutes (1975). Appellants moved to dismiss the original complaint for lack of jurisdiction and insufficiency of process and service of process. Said motion was supported by affidavits of bank officers who stated, among other things, that appellant Bank did not do business in Florida; none of its agents had authority to do business in Florida; and the Bank maintained no office in Florida. The affidavits expressly stated that appellants did not enter into any transaction at all in January 1977 with appellee. In response to said affidavits, appellee filed two affidavits, one of which described the numerous past transactions wherein appellant and appellee had bought and sold securities. The other affidavit signed by Charles Smith described the manner in which the parties had previously transacted business. The affidavit then states relative to the two January transactions:
"Thereafter, commencing on or about August 25, 1976, and continuing up to and including January 6, 1977, the Defendant Mayer entered into a series of transactions whereby he directed Smith to purchase and sell Government National Mortgage Association (`GNMA') Future Contracts... ." (Emphasis supplied.)
The trial court denied the motion to dismiss, holding that the allegations of appellee's complaint and the proof adduced by appellee in support thereof were sufficient to show appellants had been "conducting, engaging in or carrying on a business or business venture in the State of Florida" and they were sufficient to show appellants had "breached contracts in the State of Florida by failing to perform acts required by the Contracts to be performed in this state." Thus, it is clear the trial court found jurisdiction based upon Section 48.193(1)(a) and (1)(g), Florida Statutes (1975). We think the court erred in finding jurisdiction based upon Section 48.193(1)(g) for the reasons set forth in a very similar case decided this same date in Bank of Wessington v. Winters Government Securities Corporation, Fla.App., 361 So.2d 757, Case No. 77-1635. However, we approve his finding of jurisdiction pursuant to Section 48.193(1)(a), Florida Statutes (1975).
We are fully cognizant that Florida's long arm statute is of the type that requires more activities or contacts to sustain service of process than are currently required by decisions of the Supreme Court of the United States[1]; long arm statutes are to be strictly construed; the person invoking jurisdiction under such statutes has the burden of proving facts which clearly justify the use of this method of service *763 of process.[2] However, we believe the language used by the Supreme Court of Florida in Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561 (Fla. 1975), authorizes the finding of jurisdiction under Section 48.193(1)(a), Florida Statutes, in the case at hand.[3]
Paraphrasing the pertinent part of Section 48.193(1)(a), it provides that any person, whether a resident or non-resident, who engages in a business venture in this State thereby submits himself to the jurisdiction of the courts of this state. In Dinsmore, supra, the Supreme Court held:
"In order to determine whether jurisdiction can be acquired over the non-resident defendants pursuant to Fla. Stat. § 48.191(1), it is necessary to determine whether the individual or corporate defendant, was carrying on a business or business venture in this State. The activities of the person sought to be served pursuant to Fla. Stat. § 48.181(1) must be considered collectively and show a general course of business activity in the State for pecuniary benefit. DeVaney v. Rumsch, 228 So.2d 904 (Fla. 1969). A non-resident defendant, which engages the services of brokers, jobbers, wholesalers or distributors, can be doing business in this State pursuant to Fla. Stat. § 48.181(1) if the nonresident defendant, through brokers, jobbers, wholesalers or distributors was engaged in a course of conduct in Florida for the purpose of realizing a pecuniary benefit." Id. at 564.[4]
A review of the collective activities alleged and proven clearly shows that appellants were engaged in "a general course of business activity in the State for pecuniary benefit." That seems to be sufficient as Dinsmore leaves no question that there need be no local office nor agent, no lease, no meeting, no presence of corporate offices in Florida to warrant a finding of engagement in a business venture. Thus, we believe the trial court was correct in denying the motion to quash as to the appellant Bank.
Appellee's original complaint argued essentially that Mayer had full and complete authority to transact business on behalf of the Bank but the Bank repudiated Mayer's agreements and that to the extent that Mayer breached his warranty of authority as represented to appellee Mayer was personally liable. Mayer's affidavit in support of appellants' motion to dismiss for lack of jurisdiction does not contradict the foregoing allegations, and therefore, the trial court was correct in denying the motion to dismiss as to Mayer.
In the order denying appellants' motions the trial court also granted appellee leave to amend its complaint. After the amended complaint was filed appellants filed a motion pursuant to Fla.R.Civ.P. 1.540, seeking relief from the court's previous order denying appellants' motion to dismiss for lack of jurisdiction. Appellants supported that motion with a deposition of one of appellee's officers and a further affidavit from appellant, Mayer. The trial court denied the Rule 1.540 motion also and we think rightly so.
The trial court had already found the allegations of the original complaint (which were carried over into the amended complaint) and the proof adduced in support thereof to be sufficient. We do not believe anything raised in appellants' 1.540 motion *764 required a different ruling. Although Mayer's second affidavit contradicted the complaint and appellee's affidavits the court had already determined it had jurisdiction and all Mayer's new affidavit did was create a conflict with appellee's affidavits. We think it came too late.
Accordingly, the interlocutory orders appealed from in Case No. 77-1088 and 77-1814 are affirmed and the cause is remanded to the trial court for further proceedings.
AFFIRMED.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] Youngblood v. Citrus Associates of New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA 1973).
[2] The Elmex Corporation v. Atlantic Federal Savings & Loan Association of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976).
[3] See also Electro Engineering Products Co. Inc. v. Lewis, 352 So.2d 862 (Fla. 1977); Gonas, Florida's Long Arm Statutes: Federal Versus State Construction, 52 Fla.B.J. 292 (1975).
[4] The reference to Section 48.191(1) is erroneous; the citation should be to Section 48.181(1).

Section 48.181(1), Florida Statutes (1971) and Section 48.193(1)(a), Florida Statutes (1975) have the same language, "operate, conduct, engage in, or carry on a business or business venture in this state." Therefore, interpretation of the language in Section 48.181(1), Florida Statutes (1971) likewise would be applicable to Section 48.193(1)(a), Florida Statutes (1975).