390 So.2d 478 (1980)
Herbert ANSON, John J. Fogarty, E. Hillman Waller, John O'Moore, Harold L. Stewart, Harvey Greenwald As Trustee of the Carol Greenwald Trust, and Jocelyn Blair, As Successor Trustee of the Jocelyn Blair Trust, Appellants,
v.
Douglas LEMPERUER, Co-Executor of the Estate of Allan L. Blair, Deceased, Appellee.
No. UU-89.
District Court of Appeal of Florida, First District.
November 26, 1980.
*479 John D. Buchanan, Jr., of Henry, Buchanan, Mick & English, Tallahassee, for appellants.
Benjamin W. Redding, of Barron, Redding, Boggs, Hughes & Fite, Panama City, for appellee.
WENTWORTH, Judge.
John J. Fogarty appeals from the denial of his motion to dismiss for lack of personal jurisdiction. We affirm.
On February 17, 1973, Allan L. Blair, not personally but solely as Trustee under the Jocelyn M. Blair Trust, of Chicago, Illinois, entered into an agreement with John J. Fogarty and several other individuals to create an Illinois general partnership known as the Crystal Sands Development Association. The express objective of the partnership was to acquire land in Florida and develop and construct condominium units and townhouses thereon. Allan L. Blair was an Illinois resident. John J. Fogarty was a New York resident. Of the five remaining partners, three were residents of Florida.
In 1974 the partnership borrowed money in furtherance of its objective of condominium development on the land then owned by the partnership in Panama City, Florida. In order to induce the First National Bank of Chicago to lend money to the partnership, Allan L. Blair, not in his representative capacity but individually, executed and delivered an unconditional guaranty of any credit extended by First National to Crystal Sands. Crystal Sands then borrowed funds from First National and caused a promissory note in the amount of 14 million dollars to be executed on its behalf. The note was secured by a mortgage on the real property owned by the partnership in Panama City, Florida.
On February 25, 1975, First National declared Crystal Sands to be in default under the 14 million dollar note and instituted mortgage foreclosure proceedings in Florida. On July 30, 1975, a final judgment of foreclosure was entered in favor of First National. On January 4, 1978, a deficiency judgment was entered against Crystal Sands in Bay County, Florida. A final judgment against Allan L. Blair, individually, on account of Blair's guaranty was entered in Bay County, Florida, on January 11, 1978. Allan L. Blair paid First National the sum of $300,000 in satisfaction of the judgment against him personally in February of 1978. Sometime thereafter Allan L. Blair died. The co-executor of Blair's estate filed this action against the partners of Crystal Sands seeking damages as a result of Blair's having made payment under the guaranty to First National. Personal service was made on John J. Fogarty in New York pursuant to Section 48.193, Florida Statutes. No other partners have been served in the action.
On December 18, 1979, John J. Fogarty moved to dismiss the complaint alleging the courts of the State of Florida have no jurisdiction to hear the matters presented by the plaintiff, representing the estate of Allan L. Blair individually. The motion was denied February 8, 1980.
Appellants' only offer of proof, refuting the allegation that at all times material hereto defendants engaged in a business venture in Florida, was appellants' sworn affidavit stating "I do not conduct a business in the State of Florida and do not own any real property within the State. I have no contract to insure any person or risk located within the State of Florida." Because the claim in question clearly arose out of the active conduct of business in Florida under the partnership agreement describing that business as above recited, we attach no conclusive significance to the terms of the affidavit nor to the fact that foreclosure had occurred and the partners' title to the particular property in question had been divested before the Florida judgment against Blair in 1978. The statute provides for service in "any cause of action arising from" various enumerated acts, including the conduct of a "business venture in this State." Section 48.193, Florida Statutes.
We agree that under the circumstances presented in this case appellant is subject to *480 the jurisdiction of the Florida courts under the Florida long arm statute.
AFFIRMED.
JOANOS, J., and WOODIE A. LILES (Ret.), Associate Judge, concur.