411 So.2d 303 (1982)
APRIL INDUSTRIES, INC., Appellant,
v.
Eugene S. LEVY, Appellee.
No. 80-2509.
District Court of Appeal of Florida, Third District.
March 23, 1982.
*304 Wilbur G. Silverman, Jamaica, N.Y., for appellant.
Stern & Kneski and Peter Kneski, Miami, for appellee.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
April Industries, Inc. appeals from a summary judgment entered against it in an action by appellee Levy, plaintiff below, to enforce a New York judgment awarding Levy's client attorney's fees. The dispositive issue on appeal is whether the trial court erred in denying the motion of April Industries to quash service and dismiss Levy's complaint for lack of jurisdiction over a foreign corporation pursuant to Sections 48.193(1)(a) and (b), Florida Statutes (1979).
The facts are briefly as follows. April Industries is a Delaware Corporation with its principal place of business in San Juan, Puerto Rico. April Industries had previously contracted outside of Florida to purchase stock from Arias Cardenas, then a resident of Puerto Rico, shares of stock in a Puerto Rico corporation. April Industries paid for the purchase of stock by giving Arias promissory notes, but claimed certain set-offs under indemnification clauses of the contract and withheld two of the notes which provided for payment of attorney's fees in the event April Industries defaulted in payment. As part of the purchase contract, the parties entered into an escrow agreement whereby a Miami attorney, Amos Benjamin as escrowee, would hold the notes in Florida.
April Industries defaulted on the notes and Arias sued for damages in a New York court. The New York court granted summary judgment for Arias, who was represented by appellee Levy, for the amount due in the notes and awarded Arias attorney's fees. In September of 1973 in a separate action which is the subject of this appeal, the New York court determined that $4,500.00 was reasonable attorney's fees and directed that sum plus costs be paid to appellant Levy. Levy subsequently sued April Industries, Inc. and escrowee Amos Benjamin in Circuit Court in Dade County, Florida seeking to enjoin escrowee Benjamin from delivering the property in escrow to April Industries and alleging that he was a judgment creditor,[1] and that there had been no satisfaction of attorney's fees. Benjamin responded to the complaint by way of interpleader. The court ordered the escrowed property deposited with the registry of the court. After hearing, the trial court awarded the contested property to appellee Levy, and April Industries appeals.
In Florida, personal jurisdiction over a nonresident defendant may be obtained if it is established that (1) the defendant committed one of the acts listed in paragraphs (a) through (g) of Section 48.193, Florida Statutes and the act committed gave rise to the action sued on, and (2) the method of service of process comports with statutory requirements. See generally Ford Motor Company v. Atwood Vacuum Machine Company, 392 So.2d 1305 (Fla. 1981); Underwood v. University of Kentucky, 390 So.2d 433 (Fla.3d DCA 1980); Caribe & Panama Investments v. Christensen, 375 So.2d 601 (Fla.3d DCA 1979).[2] In his complaint to *305 enforce the New York judgment awarding attorney's fees, Levy alleges two grounds for subjecting April Industries to long-arm jurisdiction, Section 48.193(1)(a), doing business or having an agency in the state and Section 48.193(1)(b), committing a tortious act within the state. We find the facts alleged in the complaint are insufficient to sustain jurisdiction on either ground and reverse without reaching the issue of sufficiency of service of process.
As to the first ground for long-arm jurisdiction pursuant to Section 48.193(1)(a), we reject Levy's argument that the presence of a corporation's personal property in Florida pursuant to an escrow agreement entered into outside of Florida, and the control of that property by a Florida escrowee according to the terms of that agreement are sufficient to find that the corporation conducts business or has an agency in Florida. In order to establish that a defendant was carrying on business or a business venture in this State, either itself or through an agent, the activities of the corporation sought to be served must be considered collectively and show a general course of business activity in the state for pecuniary benefit. Dinsmore v. Martin Blumenthal Associates, Inc., 314 So.2d 561 (Fla. 1975) (intent to sell property in Florida through agent). Accord Anson v. Lemperuer, 390 So.2d 478 (Fla. 1st DCA 1980) (express object of partnership was to acquire land in Florida and develop condominium units); Southeast First National Bank of Satellite Beach v. Atlantic Telec, Inc., 389 So.2d 1032 (Fla. 5th DCA 1980) (contract evidenced an ongoing sales distribution business looking towards continued activity in Florida); Citizens State Bank v. Winters Government Securities Corporation, 361 So.2d 760 (Fla. 4th DCA 1978) (obligation of series of transactions to buy and sell future contracts in Florida). The escrow arrangement is neither an agreement for sale of property in Florida or sale of foreign property to Florida residents for profit, nor is it evidence of continuing business ventures within the State. Accordingly, we find that April Industries is not subject to long-arm jurisdiction pursuant to Section 48.193(1)(a).
We also find that April Industries is not subject to long-arm jurisdiction pursuant to Section 48.193(1)(b), for committing a tortious act within the State. In his third amended complaint, Levy alleges that his client Arias and April Industries conspired in Florida to deprive Levy of his attorney's fees awarded by the New York judgment and wrongfully secured the satisfaction of judgment in the New York court. Assuming that a conspiracy did occur in Florida, the commission of the tortious act essential to depriving Levy of his attorney's fees was the alleged fraudulent satisfaction of judgment perpetrated in the New York court. The gist of a civil action for conspiracy is not the conspiracy itself but the civil wrong which is alleged to have been committed pursuant to the conspiracy. Orlando *306 Sports Stadium, Inc. v. Sentinel Star Company, 316 So.2d 607 (Fla. 4th DCA 1975). The alleged wrong to Levy occurred in New York, not Florida. Cf. Godfrey v. Neumann, supra, note 2, (commission of tort in Florida by nonresident is sufficient minimum contact with Florida to justify long-arm jurisdiction); Watts v. Haun, 393 So.2d 54 (Fla. 2d DCA 1981) (act essential for success of tort occurred in Florida).
Reversed and remanded with directions to dismiss complaint.
NOTES
[1] New York law gives an attorney a lien upon his client's cause of action and provides that the court upon petition of the client or attorney may determine and enforce the lien, McKinney, Judiciary Law, § 475.
[2] Though it is stated that Florida law requires more activities or contacts with Florida than are required by constitutional due process considerations, Bloom v. A.H. Pond Co., Inc., 519 F. Supp. 1162, 1167 (S.D.Fla. 1981), recent decisions of the United States Supreme Court reaffirming the need for minimum contacts established by International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), see Rush v. Savchuk, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980); WorldWide Volkswagon v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), and recent interpretation of Section 48.193, Florida's long-arm statute enacted Ch. 73-179, § 1 Laws of Fla., effective July 1, 1973, greatly expanding those acts for which long-arm jurisdiction will lie, see Ford Motor Company v. Atwood Vaccum Machine Company, supra, (lack of direct presence and activity within borders of Florida is no bar finding minimum contacts in products liability case); Godfrey v. Neumann, 373 So.2d 920 (Fla. 1979) (commission of tort in Florida by nonresident is sufficient minimum contact); Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981) (breach of contract to be performed in state is act permitting Florida courts to acquire jurisdiction), have brought the Florida and federal practice closer in line.