BERANEK, Judge.
This is an appeal from a non-final order relating to jurisdiction over the person of appellant. Appellant and appellee were formerly married and resided in the State of Connecticut. Appellant secured two money judgments in Connecticut against appellee who subsequently moved to the State of Florida. Appellant filed suit in Florida to enforce the Connecticut judgments, and appellee counterclaimed and filed a separate action asserting the existence of a previous divorce judgment between the same parties. Appellee sought to establish the foreign divorce judgment in the State of Florida and to modify it by eliminating the requirements that he support his minor children and pay alimony. Appellee admitted that he had not been supporting his children. Appellant moved to dismiss asserting that the court lacked jurisdiction over her and her children to determine issues of alimony and support. The trial court denied the motion to dismiss. We reverse.
When the appellant filed suit in Florida to enforce the foreign money judgments, she did not subject herself to the jurisdiction of the Florida courts for the purpose of litigating issues of future alimony and child support. If the appellee wishes to terminate his alimony and child support obligations, he must do so where he can acquire personal jurisdiction in an appropriate forum. This is clearly in the State of Connecticut rather than Florida. Although not specifically applicable, we conclude that Section 61.1316, Florida Statutes (1981), is instructive. The trial court erred in denying the motion to dismiss based on jurisdictional grounds.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, J., concurs.
ANSTEAD, C.J., dissents without opinion.