569 So.2d 473 (1990)
Jesse Brian EDWARDS, Jr., Appellant,
v.
William R. JOHNSON, et al., Appellees.
No. 90-325.
District Court of Appeal of Florida, First District.
September 21, 1990.
Rehearing Denied December 3, 1990.
Roy V. Andrews of Lindsay, Andrews & Leonard, P.A., Milton, for appellant.
Michael A. Dessommes of King and Dessommes, P.A., Pensacola, for appellee Betty Edwards.
JOANOS, Judge.
Jesse Brian Edwards, Jr. has appealed an order of the trial court denying his motion to dismiss for lack of personal jurisdiction a permissive counterclaim filed by appellee Betty Edwards. We reverse and remand for dismissal of the counterclaim.
*474 Brian and Betty Edwards were divorced in June 1987 by a final decree entered in Louisiana. Betty was at the time residing on real property located in Santa Rosa County, Florida, and owned by Brian and his brother; also living on the property was one William R. Johnson. In May 1989, Brian filed suit in Santa Rosa county court seeking to evict Betty and Johnson from the property. Betty answered Brian's complaint, and also filed a separate suit against him in circuit court seeking alimony and equitable distribution of marital property relating to the 1987 Louisiana divorce decree.
In July 1989, the trial court dismissed Betty's suit on the ground that she had not demonstrated personal jurisdiction over Brian under Section 48.193, Florida Statutes (1989). Specifically, the trial court found that Brian was not a Florida resident, nor did he have the required substantial contacts with the state delineated in the statute. Betty appealed the dismissal to this court, but voluntarily dismissed her appeal prior to a ruling on the merits.
Betty thereafter sought to amend her answer to Brian's eviction complaint to add her claim for alimony and equitable distribution as a permissive counterclaim. Brian objected, arguing that the absence of personal jurisdiction which resulted in the dismissal of Betty's suit precluded the filing of the same cause of action as a permissive counterclaim. The trial court allowed the amendment, and Brian filed the instant motion to dismiss on the same ground. The trial court denied the motion, stating that Rule 1.170(b), Florida Rules of Civil Procedure, allows permissive counterclaims whether or not they arise from the subject matter of the opposing claim.
The trial court herein has effectively held that, when a nonresident files an action in a Florida court, that court automatically acquires personal jurisdiction over him as to whatever different matter might be asserted in a permissive counterclaim. However, Rule 1.170(b), Florida Rules of Civil Procedure, does not address personal jurisdiction, but simply permits the filing of counterclaims which are unrelated to the subject matter of the original claim.
The general rule with regard to personal jurisdiction is that a plaintiff who initiates an action in a Florida court subjects himself to the jurisdiction of that court, and to such lawful orders which are thereafter entered, only with respect to the subject matter of the action. Burden v. Dickman, 547 So.2d 170, 172 (Fla. 3d DCA 1989).
In Frazier v. Frazier, 442 So.2d 1116 (Fla. 4th DCA 1983), a nonresident plaintiff sued in Florida to enforce certain foreign money judgments against her exhusband. The husband counterclaimed, seeking to modify the parties' foreign dissolution decree, and wife's motion to dismiss for lack of personal jurisdiction was denied. The appellate court reversed, stating that "when the appellant filed suit in Florida to enforce the foreign money judgments, she did not subject herself to the jurisdiction of the Florida courts for the purpose of litigating issues of future alimony and child support. If the appellee wishes to terminate his ... obligations, he must do so where he can acquire personal jurisdiction in an appropriate forum." Frazier at 1117 (emphasis supplied).
Here, Brian filed suit in Florida to evict Betty and Johnson from certain real property located in the state. Under the foregoing authorities, he did not thereby automatically waive any objections to personal jurisdiction he might have as to matters raised in a permissive counterclaim. While he could have voluntarily submitted to the jurisdiction of the court by responding to the merits of Betty's counterclaim, he clearly did not do so. It therefore became Betty's burden to show that personal jurisdiction could be obtained under Section 48.193, Florida Statutes (1989), an issue on which the trial court had already ruled against her in an unappealed order.
Based on the foregoing, we find that the trial court erred in denying the motion to dismiss the counterclaim. The order appealed is therefore reversed, and the case remanded with directions to dismiss the *475 counterclaim for lack of personal jurisdiction.
Reversed and remanded with directions.
SHIVERS, C.J., and ZEHMER, J., concur.