585 So.2d 1089 (1991)
MILBERG FACTORS, INC., a Foreign Corporation, Appellant,
v.
Pauline GREENBAUM, an Individual F/K/a Pauline Rosen, Appellee.
No. 91-513.
District Court of Appeal of Florida, Third District.
September 10, 1991.
*1090 Proskauer Rose Goetz & Mendelsohn, Steven J. Stein, Donn A. Beloff and Howard K. Coates, Jr., Boca Raton, for appellant.
Levine & Geiger, P.A., and Robert J. Levine, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
JORGENSON, Judge.
Milberg Factors, Inc., appeals from a nonfinal order denying its motion to dismiss for lack of in personam jurisdiction. For the following reason, we reverse.
Milberg, a factoring and commercial financing institution, is a Delaware corporation with its principal place of business in New York City. It is not licensed to do business in Florida, has no offices in Florida, and owns no real property in Florida. In 1968, Milberg's corporate predecessor and Pennshire Shirt Corporation, a New York textile manufacturer, entered into a factoring agreement. The agreement was signed in New York and was to be governed by New York law. In 1982, Pennshire's president died. His widow, Pauline Rosen (now Pauline Greenbaum), a corporate officer, executed a personal guaranty expressly guaranteeing all of Pennshire's debts and obligations to Milberg, whether arising out of the factoring agreement or otherwise. There is a factual dispute over *1091 whether the guaranty was signed in Florida or New York. The guaranty was to be governed by and construed according to New York law. Appellee's signature on a consent of stockholders agreement, however, was notarized in New York three days after she signed the guaranty.
Pennshire defaulted on its debts to Milberg in November, 1989. The guarantor brought this declaratory judgment action in Florida, her current residence, seeking a determination that her liability was confined to debts incurred by Pennshire pursuant to the factoring agreement. Milberg moved to dismiss on the ground that it was not subject to the jurisdiction of a Florida court. In support of its motion, Milberg argued that out of approximately 332 factoring agreements executed by Milberg in the past ten years, only five were with Florida-based clients and that the combined revenues from those clients represent less than 2% of Milberg's revenues. In response, the guarantor submitted 14 pages of U.C.C. financing statements filed by Milberg in Florida over the past sixteen years. Evidence was also presented that Milberg had obtained and recorded in Florida at least nine judgments in the past ten years. The court denied the motion to dismiss. On a motion for rehearing, Milberg argued that the financing statements evinced the existence of only three of five Florida companies that Milberg had done business with over the past ten years; only two of those five companies were current Milberg clients. Another debtor is a Florida company that executed a factoring agreement with Milberg but did no subsequent business with it. The remaining debtors identified in the U.C.C. financing statements were either trade styles or affiliates of other debtors that appeared because of Milberg's policy of filing U.C.C. financing statements against every trade style, affiliate or other name used by its clients for billing purposes. The trial court denied Milberg's motion to dismiss for lack of personal jurisdiction.
Appellee asserts that jurisdiction lies over Milberg under sections 48.193(1)(a) and (2) of Florida's long-arm statute.[1] In order to invoke long-arm jurisdiction over a foreign corporation under section 48.193(1)(a), the "activities of [the] corporation ... must be considered collectively and show a general course of business activity in the state for pecuniary benefit." April Indus., Inc. v. Levy, 411 So.2d 303, 305 (Fla. 3d DCA 1982). Under subsection (2), the activities of the foreign corporation must be continuous and systematic. Ranger Nationwide, Inc. v. Cook, 519 So.2d 1087 (Fla. 3d DCA), rev. denied sub nom., Cook v. Dewline, Inc., 531 So.2d 167 (Fla. 1988).
The record fails to establish that Milberg had any contacts with Florida that meet the requirements of either of these sections. Milberg is a foreign corporation which does not maintain an office, agent, employee, or telephone listing in Florida. Milberg does not solicit any business in Florida. The factoring agreement between Milberg and the appellee's New York company was executed in New York and was governed by New York law. Milberg's isolated contacts with Florida were limited to entering into five factoring agreements over a ten-year period with Florida-based companies, filing U.C.C. financing statements in Florida, and filing lawsuits against account debtors in Florida. With respect to Milberg's five Florida clients, these clients generated less than 2% of Milberg's total revenues.
*1092 Execution of the guaranty by the appellee, in Florida, is not sufficient evidence under subsection (1)(a) of continuing business ventures in this state. See April Indus., Inc., 411 So.2d at 305; Dinsmore v. Martin Blumenthal Assoc., 314 So.2d 561 (Fla. 1975). Similarly, Milberg's filing of U.C.C. financing statements in Florida to protect its security interests does not constitute a voluntary or purposeful effort to do business in Florida. See Occidental Fire & Casualty Co. v. Continental Illinois Nat'l Bank & Trust Co., 689 F. Supp. 564 (E.D.N.C. 1988); Foremost Pipeline Const. Co. v. Ford Motor Co., 420 F. Supp. 647 (D.S.C. 1976). See also Batavia, Ltd. v. United States ex rel. Internal Revenue Serv., 393 So.2d 1207 (Fla. 1st DCA 1980). Finally, the filing of lawsuits unrelated to this action against account debtors in Florida does not subject Milberg to the jurisdiction of our courts. See Chase Manhattan Bank v. Cebeck, 505 So.2d 539 (Fla. 1st DCA 1987). Clearly, Milberg cannot control where its account debtors are located and cannot be subject to suit in every location where those debtors decide to relocate. Given these facts, we conclude that Milberg's isolated acts were not sufficient to invoke the long-arm jurisdiction of this state. Because there is no jurisdiction under section 48.193, we do not address the issue of whether Milberg had sufficient minimum contacts with Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) (to decide whether in personam jurisdiction lies over foreign defendant, courts must determine compliance with both Florida's long-arm statute and constitutional due process test of minimum contacts).
Accordingly, the trial court erred in denying Milberg's motion to dismiss for lack of in personam jurisdiction.
Reversed and remanded.
NOTES
[1] Section 48.193 provides in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
* * * * * *
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of the state, whether or not the claim arises from that activity.