COPE, Judge
(specially concurring).
I concur that the order under review must be reversed, either on the ground that the requirements of the long-arm statute have not been met, or alternatively, on the ground that there are insufficient minimum contacts to support jurisdiction in Florida.
It should be emphasized that the Tobacco Merchants Association is a membership organization, which has only seven members in Florida.* Its newsletters and publications are sent to its members. It does not market its publications or newsletters for sale to the general public. The Association will respond to unsolicited requests for information or publications from Florida residents, although such requests have been few in number.
Having seven members of a non-profit trade association within Florida does not rise to the level of doing business in Florida for purposes of sections 48.181 and 48.193, Florida Statutes (1993). Alternatively, if those activities could be said to come within the ambit of the Florida long-arm statutes, such contact is so attenuated that it does not satisfy the minimum contacts test. See Burstein v. State Bar, 693 F.2d 511 (5th Cir. 1982); Golf City, Inc. v. Wilson’s Sporting Goods Co., 555 F.2d 426 (5th Cir.1977); see also Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089 (Fla. 3d DCA 1991). The record does not support the assertion that a tort has been committed within the State of Florida. Consequently, I agree that the order under review must be reversed.

 The Association is a non-stock, non-profit corporation.