QUINCE, Judge.
Walter and Claudia Remhof (the Remhofs) filed a three-count complaint against Beach Park Development Corporation, Karl Kraus, and Gertraude Kraus (the appellants) for an accounting/money lent, breach of an oral contract, and quantum meruit. An answer and affirmative defenses and a counterclaim were filed by the appellants. One of the counts of the counterclaim was for damages based on money lent by Karl Kraus to Walter Remhof. On appeal from a final judgment in favor of the Remhofs, the appellants raise two issues. We reverse only the trial court’s determination that it was without subject matter jurisdiction to address the issue of a loan by Karl Kraus to Walter Remhof.
The ease was tried before the court on February 16 and 17,1994. A final judgment was entered in favor of the Remhofs for $23,682.84 on October 3, 1994. After the trial, the court by letter to the parties indicated it found in favor of the Remhofs for $102,594.35 including $27,200.00 for quantum meruit and for the appellants on the counterclaim in the amount of $79,911.51. The appellants filed a notice of posting cash bond and a motion for rehearing and clarification on October 13, 1994. The Remhofs filed a motion for disbursement of sums deposited on February 2, 1995. On February 8, 1995, the trial court entered an order on the motion for rehearing indicating the court had not ruled on the alleged loan between Karl Kraus and Walter Remhof because the court did not have subject matter jurisdiction. A notice of appeal was filed on February 15, 1995, and amended on March 9,1995.
The Remhofs are husband and wife and citizens of Germany and resident aliens of the United States, residing in Cape Coral, Lee County, Florida. Walter Remhof operated a real estate company in Cape Coral. Beach Park is a Florida corporation having its registered office and principal place of business in Cape Coral, Florida. Karl Kraus is an attorney in Germany, and owns fifty shares of stock in Beach Park and is president of the corporation. Gertraude Kraus also owns fifty shares of stock in Beach Park and is vice-president of the corporation. The original directors of the corporation were *914 Karl Kraus, Gertraude Kraus and Claudia Remhof. Claudia was originally a vice-president, secretary and treasurer of the corporation. The corporation was formed for the purpose of construction and sale of condominiums and the management of other real property owned by Karl Kraus and Ger-traude Kraus. Walter Remhof was the construction supervisor for the corporation.
In January, 1992, Karl Kraus loaned Walter Remhof 25,000 Deutschmarks ($17,-000.00) by giving the money to Claudia Rem-hof s mother. This transaction took place in Germany. Walter Remhof alleged he assigned a ease in Germany against a Mr. Domenwerth to Karl Kraus, and Karl Kraus was to sue Mr. Dornenwerth for the monies due.
There is no dispute but that all parties to this action were properly served, and, therefore, the court had personal jurisdiction over them. The Remhofs had moved to dismiss the loan claim based on the above-stated facts for a lack of subject matter jurisdiction. Subject matter jurisdiction is the power of a particular court to hear the type of case that is then before it. In other words, subject matter jurisdiction is the court’s jurisdiction over that class of case not over the particular case. Lusker v. Guardianship of Lusker, 434 So.2d 951 (Fla. 2d DCA 1983); Smith v. Bettinghaus, 178 So.2d 201 (Fla. 2d DCA 1965). The question thus becomes, what is the class of case involved in this appeal? A perusal of the complaint and the counterclaim demonstrates this was an action for damages, money lent or equitable relief for sums in excess of $15,000.00. Therefore, the circuit court had subject matter jurisdiction over this action. See §§ 26.012 and 34.01, Florida Statutes (1991)'.
The Kraus/Remhof loan portion of the counterclaim did not arise out of the transaction that is the subject of the complaint and is therefore a permissive counterclaim. Florida Rule of Civil Procedure 1.170(b) allows a party to file a permissive counterclaim against any opposing party. This rule on permissive counterclaims is limited by the court’s jurisdiction over the subject matter or the person. Even where the subject matter is clearly one within the jurisdiction of the court, the court must nonetheless have personal jurisdiction over the plaintifPcounterdefendant in regard to the counterclaim. Cf. Edwards v. Johnson, 569 So.2d 473 (Fla. 1st DCA 1990). The plain-tifRcounterdefendant, Walter Remhof, is a resident alien of Cape Coral, Florida and subject to suit in the courts of Lee County. Thus, the court has personal jurisdiction over Remhof for any action, foreign or domestic, brought against him in the Lee County courts. In fact, no allegation has been made that Walter Remhof was not properly personally before the court on that claim.
We conclude that the trial court erred in failing to rule on that portion of the counterclaim involving a loan transaction between Karl Kraus and Walter Remhof. The action was one for damages arising out of a claim for money lent in excess of $15,000.00 and was within the subject matter jurisdiction of the circuit court. That part of the final judgment is hereby reversed and remanded to the trial court for further proceedings.
CAMPBELL, A.C.J., and BLUE, J., concur.