716 So.2d 868 (1998)
Martine GIBBONS, Appellant,
v.
Donna BROWN, Appellee.
No. 98-619.
District Court of Appeal of Florida, First District.
September 9, 1998.
*869 Robert B. Guild, of Hession & Guild, Jacksonville, for Appellant.
Linda L. Winchenbach, of Moody & Salzman, Gainesville, for Appellee.
PER CURIAM.
This appeal arises from an appealable non-final order denying Martine Gibbons' motion to quash service of process and, alternatively, motion to dismiss Donna Brown's complaint. We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). The appellant contends that the lower tribunal erred in denying her motion, in that the appellee's complaint failed to set forth sufficient allegations of ultimate fact to establish the Florida court's proper exercise of longarm jurisdiction over the appellant pursuant to section 48.193, Florida Statutes (1997). Concluding that the allegations satisfied neither the statutory prerequisites nor the constitutional requirements of due process, we reverse the order with directions that the cause be dismissed. Venetian Salami v. Parthenais, 554 So.2d 499 (Fla.1989).
In her complaint in Duval County Circuit Court Case No. 97-5904, Mrs. Brown alleged 1) that she is a resident of Florida; 2) that Ms. Gibbons has subjected herself to the personal jurisdiction of the Florida court by bringing a prior lawsuit in Circuit Court Case No. 95-6244 against Clarence Brown (Mrs. Brown's husband) in Duval County "involving the same subject matter"; 3) that on August 24, 1994, Mrs. Brown and Ms. Gibbons were passengers in a motor vehicle driven by Mr. Brown near Montreal, Quebec, in Canada, when Ms. Gibbons negligently directed Mr. Brown to turn onto and proceed in the wrong direction on a one-way road; 4) that Ms. Gibbons owed Mrs. Brown a duty to exercise reasonable care for her safety while giving traffic directions to the driver of the vehicle; 5) that as a direct and proximate result of Ms. Gibbons' negligence, Mr. Brown headed the wrong way on the road and crashed head-on into another vehicle on a hilly curve; and 6) that as a result of Ms. Gibbons' negligence, Mrs. Brown suffered injury. The plaintiff, Mrs. Brown, demanded judgment against Ms. Gibbons for damages, post-judgment interest and costs, and a jury trial.
In her motion to quash service of process and, alternatively, motion to dismiss, Ms. Gibbons stated that she is a resident of Texas. Noting that her 1995 civil action "arising out of the same subject matter" was brought against Mr. Brown, and not against Mrs. Brown, Ms. Gibbons challenged the allegations in the 1997 complaint as insufficient to establish proper service on her, and inadequate to satisfy the strict requirements of the Florida long-arm statute. Citizens State Bank v. Winters Gov't Securities Corp., 361 So.2d 760 (Fla. 4th DCA 1978) (in light of strict construction to be accorded long-arm statutes, person seeking to invoke jurisdiction under such statute has burden of proving facts that clearly justify use of this method of service).
Obtaining in personam jurisdiction over a non-resident defendant requires a two-pronged showing. First, the plaintiff must allege sufficient jurisdictional facts to bring the defendant within the coverage of the long-arm statute, section 48.193, Florida Statutes. Parthenais, 554 So.2d at 502. If that prong is satisfied, then the second inquiry is whether sufficient "minimum contacts" are shown to comply with the requirements of due process. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Generally speaking, Florida's long-arm statutes are of a class that requires more activities or contacts to allow service of process than are currently required by the decisions of the United States Supreme Court. Youngblood v. Citrus Assocs. of the New York Cotton Exchange, Inc., 276 So.2d 505, 507-08 (Fla. 4th DCA 1973).
As to the first part of the inquiry, Mrs. Brown contends that the allegations in her complaint satisfy section 48.193(2), Florida Statutes (1995), which states:
A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
*870 The parties agree that as a general rule in Florida, a plaintiff, by bringing an action, subjects herself to the jurisdiction of the court and to subsequent lawful orders entered regarding the same subject matter of that action. Glass v. Layton, 140 Fla. 522, 192 So. 330 (1937) (by instituting partition action, plaintiff subjected herself to jurisdiction of court, which had full power to adjudicate all rights of parties while parties and subject matter remained within court's jurisdiction); Edwards v. Johnson, 569 So.2d 473, 474 (Fla. 1st DCA 1990); Burden v. Dickman, 547 So.2d 170 (Fla. 3d DCA) (probate court had personal jurisdiction over parents of minor who affirmatively sought court's jurisdiction to administer guardianship of minor's property; by petitioning probate court to be appointed joint guardians of property, parents submitted themselves to court's jurisdiction), rev. den., 557 So.2d 866 (Fla.1989); Palm Beach Towers, Inc. v. Korn, 400 So.2d 110, 111 (Fla. 4th DCA 1981) ("It is the general law of this state that when a plaintiff institutes an action it subjects itself to the jurisdiction of the court and to such lawful orders which are thereafter entered with respect to the subject matter of the action."); Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961) (defendant who disputed trial court's jurisdiction over her person by moving to question purported service, but then on same day sued plaintiff in same court on same subject matter, waived service in first action and was estopped to question court's jurisdiction therein). Mrs. Brown broadly construes this general rule to mean that by initiating the 1995 action, Ms. Gibbons subjected herself to Florida jurisdiction with respect to any "lawful orders" that were entered subsequently regarding "the subject matter of the action." On the other hand, Ms. Gibbons notes that her prior suit was brought in 1995, whereas Mrs. Brown did not file her complaint until October 20, 1997. Although Ms. Gibbons acknowledges that her prior action arose from the same vehicular accident as Mrs. Brown's instant suit, Ms. Gibbons notes that Mrs. Brown was not a party in the earlier action. Furthermore, several years separate the filing of the two proceedings. For purposes of the resolution of the question on appeal, we assume that the 1995 proceedings were over by the time Mrs. Brown brought her 1997 suit.
In Milberg Factors, Inc. v. Greenbaum, 585 So.2d 1089 (Fla. 3d DCA 1991), the Florida-based guarantor of debts owed by a New York textile manufacturer to Milberg Factors, Inc. (a Delaware factoring and commercial financing corporation with its principal place of business in New York) brought a declaratory judgment action in Florida seeking to determine the extent of the guarantor's liability. Id. at 1090-91. In support of jurisdiction in the Florida court, the plaintiff alleged that Milberg had entered into five factoring agreements over a ten-year period with Florida-based companies, had filed U.C.C. financing statements in Florida, and had filed lawsuits against account debtors in Florida. Noting that Milberg was a foreign corporation that did not solicit business or maintain an office, agent, employee, or telephone listing in Florida, the district court found that Milberg's contacts with Florida were "isolated." Id. at 1091. Observing that an entity cannot control where its account debtors choose to relocate, the court stated that "the filing of lawsuits unrelated to this action against account debtors in Florida does not subject Milberg to the jurisdiction of our courts." Id. at 1091-92.
Even if we assume (without deciding) that bringing an action in a Florida court can constitute a "substantial and not isolated activity" in some instances, we nevertheless note that Mrs. Brown has not shown that Ms. Gibbons "is engaged" in any activity in this state whatsoever other than defending the present suit. A current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if she later challenges jurisdiction in a separate suit (albeit a suit arising from the same subject matter). See Frazier v. Frazier, 442 So.2d 1116 (Fla. 4th DCA 1983) (former wife, who lived in Connecticut, did not subject herself to jurisdiction of Florida court for purpose of litigating issues of future alimony of child support raised by former husband's counterclaim when she filed suit in Florida against former husband to enforce money judgments obtained in Connecticut). *871 Given the length of time between the two actions and the fact that the prior suit named as the defendant a non-party in the instant proceedings, we conclude that Mrs. Brown has not alleged a satisfactory ground for personal jurisdiction pursuant to statutory subsection (2). The appellee does not suggest, nor do we find, that the appellant's filing the 1995 action in the Florida court would, by itself, satisfy any of the alternative grounds for jurisdiction set forth in section 48.193(1)(a)-(1)(h).
Even if we were to find that the allegations in Mrs. Brown's complaint demonstrate that Ms. Gibbons "is engaged in substantial activity," then we still would have to conclude that the acts alleged do not satisfy the constitutional "minimum contacts" test set forth in International Shoe, 326 U.S. at 310, 66 S.Ct. 154, and its progeny such as Harlo Prods. Corp. v. Case Co., 360 So.2d 1328 (Fla. 1st DCA 1978) (although nonresident may appear to fall within wording of long-arm statute, plaintiff may not constitutionally apply statute to obtain jurisdiction in absence of requisite minimum contacts with forum state). In International Shoe, the United States Supreme Court stated that to subject a defendant to personal jurisdiction when that person is not present within the territory of the forum, due process requires the defendant to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. at 316, 66 S.Ct. 154; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The "minimum contacts" test "is not susceptible of mechanical application." Kulko v. California Superior Court, 436 U.S. 84, 92, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). Rather, the facts of each case must be weighed to determine whether personal jurisdiction comports with "traditional notions." Kulko, 436 U.S. at 92, 98 S.Ct. 1690. The "constitutional touchstone" of this analysis is whether a defendant "purposely avail[ed] itself of the privilege of conducting activities" within the forum state, Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), thereby invoking "the benefits and protections of the laws of that state." International Shoe, 326 U.S. at 319, 66 S.Ct. 154; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). When in personam jurisdiction is based on a single act, three criteria must be satisfied:
First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; second, the cause of action must derive from the defendant's activities there; third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
Suffolk Federal Credit Union v. Continental Ins. Co., 664 So.2d 1153, 1155 (Fla. 3d DCA 1995) (a single loan transaction in Florida did not authorize specific jurisdiction over New York credit union/lender, in suit brought against lender by insurer of boat purchased by Florida resident with loan provided by credit union); McGee v. International Life Ins. Co., 355 U.S. 220, 222-23, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Florida courts have recognized that the "single most important factor to consider" in the analysis of due process under International Shoe is whether the defendant's conduct with respect to the forum state is such that the defendant "should reasonably anticipate being haled into court there." Silver v. Levinson, 648 So.2d 240, 242-43 (Fla. 4th DCA 1994). This "reasonable anticipation" factor must be viewed from the perspective of the appellant, as defendant, and not that of the appellee. Silver, 648 So.2d at 243. Given the allegations in the complaint, we are unable to conclude that Ms. Gibbons' 1995 negligence action against Mr. Brown in a Florida court was a sufficient contact to justify in personam jurisdiction over Ms. Gibbons in the same court in Mrs. Brown's 1997 lawsuit.
We certify the following matter as a question of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):

DID THE NON-RESIDENT PASSENGER/DEFENDANT IN ANOTHER *872 PASSENGER'S 1997 NEGLIGENCE ACTION ARISING FROM AN AUTOMOBILE ACCIDENT THAT OCCURRED IN A FOREIGN FORUM SUBJECT HERSELF TO PERSONAL JURISDICTION IN A FLORIDA COURT BY INITIATING A NOW-CONCLUDED 1995 SUIT IN THE SAME FLORIDA COURT ALLEGING THE NEGLIGENCE OF A DIFFERENT INDIVIDUAL (THE CURRENT PLAINTIFF'S HUSBAND, THE DRIVER) IN THE SAME AUTOMOBILE ACCIDENT?
Absent sufficient jurisdictional allegations to show that Ms. Gibbons' acts satisfy the prerequisites in the Florida long-arm statute and the constitutional due process requirements enunciated by the United States Supreme Court, the order is REVERSED and the trial court is directed to DISMISS Mrs. Brown's complaint.
JOANOS and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.