SALCINES, Judge.
Kathy Ryan appeals a posttrial order vacating the final judgment in this action. The trial court erred in vacating the final judgment. Accordingly, we vacate the order appealed and reinstate the final judgment.
In early July 1994, Ms. Ryan filed a petition to establish paternity pursuant to chapter 742, Florida Statutes (1993), regarding her daughter.[1] In addition to a judicial determination of paternity, Ms. Ryan requested that the trial court declare her the primary residential parent, establish shared parental responsibility with reasonable visitation to Mr. Kurt Rehberg, award her support, and order Mr. Rehberg to maintain insurance benefits for their daughter. To support her requests for relief incidental to paternity, Ms. Ryan included in her petition a Uniform Child Custody Jurisdiction Act statement as required by section 61.132, Florida Statutes (1993). It was undisputed that Mr. Reh-berg was named as the father on the child’s birth certificate and he never contested his biological status. At the time Ms. Ryan filed her petition, the law did not clearly set forth the mechanism by which a mother could obtain relief incidental to undisputed paternity but chapter 742 appeared to be the appropriate statute under which to proceed.
Mr. Rehberg filed a motion to dismiss for lack of subject matter jurisdiction. He maintained that the exclusive basis of Ms. Ryan’s petition was section 742.011, Florida Statutes (1993), and since paternity of the child had never been contested, Ms. Ryan’s claim could not be considered by the trial court. The trial court rejected his argument, denied the motion to dismiss, and directed him to file an answer. Mr. Rehberg filed an amended answer and counterclaim. In count I of his counterclaim, he sought affirmative relief in the form of custody, visitation, and child support, and specifically requested that the trial court “take jurisdiction of the parties and the subject matter herein and, upon final hearing, enter a Final Judgment on the issues raised in this Counterclaim!!]” In count II of his counterclaim, Mr. Reh-berg petitioned the trial court to change his daughter’s last name from Ryan to Rehberg pursuant to section 68.07, Florida Statutes (1993).
On February 22, 1995, the case proceeded to trial and Mr. Rehberg renewed his motion to dismiss which was again denied. Thereafter, a “Final Judgment of Paternity” was entered. Mr. Rehberg then filed a motion to vacate the final judgment, which was denied.
Mr. Rehberg appealed the final judgment, but his appeal was dismissed by this court. See Rehberg v. Cochrane, 688 So.2d-924 (Fla. 2d DCA 1996). The Florida Supreme Court subsequently denied Mr. Rehberg’s petition for a writ of prohibition. See Rehberg v. Second Dist. Court of Appeal, 675 So.2d 928 (Fla.1996).
After the appellate courts rejected his attacks on the final judgment, Mr. Reh-berg again raised his motion to dismiss with the trial court. On October 15, 1997, a successor judge rendered an order in which he determined that Mr. Rehberg’s motion to dismiss was not barred by res judicata.[2] The judge further agreed to *1134 hear and decide Mr. Rehberg’s argument regarding subject matter jurisdiction. Following a hearing on the issue of subject matter jurisdiction, on November 26, 1997, the successor judge rendered an order granting the motion to dismiss and vacating the final judgment. That posttrial order is the subject of this appeal.
The successor judge determined that the trial court lacked subject matter jurisdiction because Ms. Ryan had no recourse under the paternity statute, chapter 742, in that paternity was not disputed. However, both she and Mr. Rehberg had sought relief for a determination of other matters concerning their child rather than only a declaration of paternity. Indeed, the final judgment actually addressed the rights and responsibilities of the parties as to support, custody, and visitation.
This court considered the nature of subject matter jurisdiction in Beach Park Development Corp. v. Remhof, 673 So.2d 912 (Fla. 2d DCA 1996). In that case, we looked not to the particular case but instead to the “class of case” to determine that the trial court had subject matter jurisdiction over at least one aspect of a permissive counterclaim. In the present matter, the trial court clearly had subject matter jurisdiction over the class of cases pertaining to child support, custody, and visitation.
This matter is remanded for reinstatement of the final judgment.
NORTHCUTT, A.C.J., and CASANUEVA, J., Concur.

. The action was instituted within seven months of the child’s birth.

. The successor judge initially granted Mr. Rehberg's motion for reconsideration because his predecessor, who had entered the final judgment, had subsequently entered an order of recusal in response to Mr. Rehberg’s veri-fled motion to disqualify the judge. He noted that in both the appeal to this court and the petition for writ of prohibition filed with the supreme court, Mr. Rehberg had raised the issue of subject matter jurisdiction. He opined that “[olrdinarily, if raised as a defense even to successive motions on the same subject matter, the doctrine of res judicata *1134 will act as a bar to re-litigation of legal issues involving subject matter jurisdiction.” In Mr. Rehberg’s case, however, the successor judge determined that res judicata,did not preclude the trial court's reconsideration of the final judgment because "Rule 2.160, Rules of Judicial Administration, provides in subsection (h) that prior legal rulings by a disqualified judge may be reconsidered and vacated or amended by a successor judge when a motion for reconsideration has been timely filed.” This order was not appealed and the parties have not raised any issue pertaining to res judicata as applied to the present case. Because our ruling on the merits of the case is dispositive, we do not address the application of res judi-cata to the present matter.