[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2010
JOHN LEY
CLERK

No. 09-11438
Non-Argument Calendar

_____

D. C. Docket No. 08-22557-CV-UU

VIRGIN HEALTH CORPORATION,
a Florida corporation,

Plaintiff-Appellant,

versus

VIRGIN ENTERPRISES LIMITED,
an English corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 19, 2010)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case returns to us after the district court's review of its docket confirmed that the appellant Virgin Health Corporation (VHC) timely filed its notice of appeal.[1] With the issue of our jurisdiction thus resolved, we now entertain VHC's request to reverse the district court's dismissal of its trademark and cyber-squatting declaratory judgment action against Virgin Enterprises Limited (VEL). The district court found that Florida's long-arm statute precluded the exercise of personal jurisdiction over VEL. After careful review, we affirm the judgment of the district court.

## I. Background

This dispute between VHC and VEL is one of several that have played out in different forums concerning the parties' respective rights to use the term "Virgin Health" and its cognates in various marketing contexts. VHC, a Florida corporation, has provided home health care services in Miami-Dade and Palm Beach counties since at least November 2005. VEL, an English corporation, is part of the Virgin conglomerate based in London. VEL's sole function is licensing the use of the Virgin name to hundreds of subsidiaries that reveal the breadth of the conglomerate's interests: entertainment, aviation, tourism, cellular phones,

---

[1] In an order dated November 13, 2009, this panel remanded the case to the district court to determine whether its docket showed that VHC filed its notice of appeal within the thirty-day jurisdictional window of Federal Rule of Appellate Procedure 4(a)(1)(A). On December 28, 2009, the district court entered its order correcting the docket. D.E. 43.

and—most relevant to this case—health-related enterprises.

In February 2005, VEL filed applications with the U.S. Patent & Trademark Office to register its interest in the service mark "VIRGIN" for a number of business enterprises, among them health insurance and medical evaluation services. In late 2007, VEL sent VHC a letter asking it to cease using the name Virgin Health Corp., and to cease using the Internet domain name virginhealth.net, in connection with health care services. VEL noted that its licensee Virgin HealthMiles, Inc. was operating its own website, virginlifecare.com. VEL asked VHC to transfer the domain name virginhealth.net to VEL.

The conflict moved into the federal courts. In January 2008, VEL sued VHC and other defendants in New York, alleging trademark infringement and cyber-squatting. VEL subsequently dismissed those claims against VHC. In September 2008, VHC filed the instant declaratory judgment action against VEL in the Southern District of Florida. The action sought relief in the form of three declarations: (1) VHC had not infringed VEL's trademarks in violation of Florida common law and the Lanham Act; (2) VHC had not cyber-squatted in violation of the Lanham Act; and (3) VHC had not violated the Florida Deceptive and Unfair Trade Practices Act. VHC also filed oppositions to VEL's pending applications with the federal trademark office, but it later moved for a stay in the trademark

3

proceedings in order to prosecute its declaratory judgment claims in district court.

VHC served VEL in London. VEL moved to dismiss for lack of personal jurisdiction. On February 11, 2009, the district court entered an order dismissing VHC's case for lack of personal jurisdiction over VEL.

## II. Standard of Review

We review *de novo* a district court's dismissal for lack of personal jurisdiction. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citation omitted). The plaintiff bears the initial burden of alleging sufficient jurisdictional facts to make a prima facie case; if the defendant rebuts with contrary affidavit evidence, the plaintiff reassumes the burden. *Id.* (citation omitted). The plaintiff establishes a prima facie case if it "presents enough evidence to withstand a motion for directed verdict." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citation omitted). A federal court typically applies a two-step test when analyzing personal jurisdiction over a nonresident defendant: whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum state; and (2) does not violate the Due Process Clause of the Fourteenth Amendment. Fed. R. Civ. P. 4(k)(1)(A); *Mazer*, 556 F.3d at 1274 (citation omitted). The reach of the Florida long-arm statute is a question of Florida law; therefore, we must construe it as we believe the Florida Supreme Court would. *Id.*

(citation omitted). In the absence of authority from the Florida Supreme Court, we look to the Florida district courts of appeal. *Id.* at 1274–75 (citation omitted).

### III. Discussion

On appeal, VHC alleges that VEL is subject both to specific and general jurisdiction in Florida. VHC further asserts that VEL's licensees are its agents capable of subjecting VEL to the district court's jurisdiction. Upon reviewing the first prong of the personal jurisdiction inquiry, we affirm the district court's finding that VHC failed to meet the requirements of Florida's long-arm statute. This conclusion makes it unnecessary for us to consider the second prong, constitutionality.

VHC's argument for specific jurisdiction under § 48.193(1), Fla. Stat., which requires that VHC's claims "aris[e] from" VEL's acts, rests on the cease-and-desist letter that VEL mailed from New York to VHC in Florida. VHC claims this letter qualifies VEL as "carrying on a business" in Florida under § 48.193(1)(a), Fla. Stat. We disagree. While sending a letter into Florida could invite specific jurisdiction under § 48.193(1)(b) if the letter itself is tortious, *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002), the act of sending the letter, by itself, does not mean that VEL is doing business in Florida for purposes of § 48.193(1)(a). *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000);

5

*Insight Instruments, Inc. v. A.V.I.-Advanced Visual Instruments, Inc.*, 44 F. Supp. 2d 1269, 1272 (M.D. Fla. 1999). While a demand letter frequently precedes a lawsuit, the letter here cannot be said to have given rise to VHC's claims.

As for general jurisdiction under § 48.193(2), Fla. Stat., VHC has not refuted VEL's proffer that VEL has no office, employees, real property, bank account, mailing address, or telephone number in Florida; and that it has not engaged in business or made any contracts in Florida. Nor does general jurisdiction apply to VEL because it filed an infringement suit in the Southern District of Florida in 2006. *See Gibbons v. Brown*, 716 So. 2d 868, 870–71 (Fla. 1st DCA 1998) (per curiam).

VHC also contends that VEL's licensees, including Virgin HealthMiles, Virgin Atlantic Airways, Virgin Entertainment, Virgin Mobile, and Virgin Vacations, are VEL's agents capable of subjecting VEL to personal jurisdiction in Florida. VHC relies on the reference to an "agent" in § 48.193(1), Fla. Stat. To support a finding of agency, Florida courts require (1) acknowledgment by the principal that the agent will act for him; (2) acceptance by the agent; and (3) control by the principal over the actions of the agent. *Goldschmidt v. Holman*, 571 So. 2d 422, 424 n.5 (Fla. 1990) (citation omitted).

VHC fails to satisfy this standard. Although VHC notes that VEL (1)

6

negotiates licenses with licensees; (2) monitors the use of the licenses; (3) applies for and defends service marks; and (4) polices against infringement of marks, none of this activity, nor the activity of the licensees as evidenced through screenshots of their online activity, demonstrates that the licensees are the agents of VEL. VHC's conclusory assertion that VEL has contractual veto power over the quality of its licensees' goods and services likewise fails to satisfy the test that would impute the licensees' activities to VEL for purposes of finding personal jurisdiction. Therefore, VHC has failed to show that the Florida long-arm statute permits the district court's assertion of personal jurisdiction over VEL.[2] We therefore do not reach the second question of the personal jurisdiction analysis: whether such an exercise of jurisdiction would be constitutional.

## IV. Conclusion

---

[2] VHC pleaded, and the district court analyzed, the question of personal jurisdiction here as implicating Florida's long-arm statute. But VHC might have argued personal jurisdiction under the so-called "federal long-arm" statute, Federal Rule of Civil Procedure 4(k)(2). *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 & n.23 (11th Cir. 2009) (citation omitted). The federal long-arm statute can reach a foreign defendant that is not subject to the jurisdiction of the courts of general jurisdiction of any state, as long as the plaintiff's claim arises under federal law and the exercise of personal jurisdiction would not offend Fifth Amendment due process. *Id.* at 1218–19 (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). VEL could have defeated this theory by identifying a U.S. state in which it was subject to personal jurisdiction in a state court, *id.* at 1218 n.22, or by showing that its aggregated contacts with the United States as a whole were insufficient, *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 41 (1st Cir. 1999). Since the plaintiff bears the burden of pleading jurisdiction, we will not substitute our own theory for its. Moreover, our general rule is not to review a theory that was not raised in the district court. *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1342 (11th Cir. 2001).

VHC has failed to show that Florida's long-arm statute permits personal jurisdiction over VEL; therefore, we affirm the judgment of the district court.[3]

**AFFIRMED.**

---

[3] VHC's request for oral argument is denied.